UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RANCES CASTRO GONZALES,

           Plaintiff,           Case No. 1:16-cv-141

v.                                           Honorable Robert J. Jonker

EAST LANSING SHERIFF DEPARTMENT,

           Defendant.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

This is the third virtually identical complaint Plaintiff[1] has filed. In his first suit, filed in the United States District Court for the Eastern District of Michigan, Case No. 2:15-cv-13735, Plaintiff named the Ingham County Jail as the Defendant, but based his claim on these facts: "false charges were filed against me based on information given by a false witness." (*Id.*, 2:15-cv-13735 ECF No. 1, PageID.3.) Plaintiff's complaint was dismissed as frivolous. (*Id.*, 2:15-cv-13735, ECF No. 6.)

Two weeks after Plaintiff's first action was dismissed he filed his second action in the United States District Court for the Eastern District of Michigan, Case No. 2:15-cv-14118. The case was transferred to this district and docketed under Case Number 1:15-cv-1307. Plaintiff named the "Sheriff Department County" as the Defendant, but the factual allegations were the same: "false charges were filed against me based on information given by a false witness." (1:15-cv-1307, ECF No. 1, PageID.3.) That action was dismissed on February 14, 2016, because Plaintiff failed to respond to a deficiency order with respect to the civil action filing fee. (1:15-cv-1307, ECF Nos. 9-10.)

While the second action was still pending, on December 8, 2015, Plaintiff filed this action in the United States District Court for the Eastern District of Michigan. The case was transferred to this district on February 11, 2016. Plaintiff's factual allegations consist of the following statement: "I was charge with a false 'witness' by the sherriff (sic) department and false

---

[1] Plaintiff's name appears with different spellings and different presentations in the docketed filings in this case and his other cases, i.e., Rances Castro, Rances Castro Gonzalez, Rances Castro-Gonzalez, Rances Gonzalez-Castro, Rances Carlos Castro Gonzalez, and Rances Castro Gonzales. Plaintiff's name appears most often as Rances Castro Gonzales and that is the way Plaintiff presented it in the "Plaintiff's Information" section of his Complaint. That is the spelling and presentation reflected in the caption in this case.

charge against me." (ECF No. 1, PageID.3.) He seeks monetary damages from the East Lansing Sheriff Department County for the physical and mental anguish, lost wages, and humiliation he has suffered.

## Discussion

I. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Plaintiff fails to state a claim because he has failed to identify the violation of a right secured by the federal Constitution by the Defendant he has named.

There is no East Lansing Sheriff Department County. The address Plaintiff has provided for the Defendant is the address for the East Lansing Police Department. East Lansing is a city, not a county. If Plaintiff meant to name the Ingham County Sheriff Department or Ingham County, his claims were already dismissed as frivolous in *Gonzales v. Ingham County Jail*, No. 2:15-cv-13735 (E.D. Mich. Nov. 9, 2015).

If Plaintiff meant to name as Defendant the East Lansing Police Department or the City of East Lansing he has also failed to state a claim. As a preliminary matter, a municipal police department is not a separate legal entity, it is simply part of the municipality that created the department. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *see also O'Donnell v. Brown*, 335 F. Supp. 2d 787, 815 (W.D. Mich. 2004); *Moomey v. City of Holland*, 490 F. Supp. 188, 190 (W.D. Mich. 1980). Thus, a suit naming the East Lansing Police Department as a Defendant is properly brought against the City of East Lansing.

A municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447, 453-54 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a

municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509.

A "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff. *Monell*, 436 U.S. at 690. Plaintiff has not asserted that there is an official policy. Plaintiff also has not identified a custom. The Sixth Circuit has explained that a "custom:"

> . . . for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law. In turn, the notion of "law" includes deeply embedded traditional ways of carrying out state policy. It must reflect a course of action deliberately chosen from among various alternatives. In short, a "custom" is a "legal institution" not memorialized by written law.

*Claiborne Cnty.*, 103 F.3d at 507 (citations and quotations omitted).

Plaintiff's abbreviated and cryptic allegations cannot be stretched so far that they suffice to attribute his injury to a policy or custom of the City of East Lansing or its police department. Plaintiff's action, thus, fails at this first step.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:     March 8, 2016                /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE